IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 06-CV-02005-REB-CBS

JOSEPH TEAGUE,

    Plaintiff,

vs.

THE CITY OF AURORA, COLORADO, a municipality
CURRENT AURORA POLICE CHIEF DANIEL OATES, in his official and individual capacity
FORMER POLICE CHIEF RICKY BENNETT, in his official and individual capacity
AURORA POLICE OFFICER DAVID GALLEGOS, in his official and individual capacity
AURORA POLICE OFFICER JOSEPH S. D'AGOSTA, in his official and individual capacity
AURORA POLICE OFFICER ERIC STEWART, in his official and individual capacity
AURORA POLICE OFFICER MIKE GASKILL, in his official and individual capacity
AURORA POLICE OFFICER JIM GENTRY, in his official and individual capacity

    Defendants.

---

### PROTECTIVE ORDER

---

THIS MATTER having come before the Court and the Court, having reviewed the Stipulated Motion for Issuance of Protective Order, finds that in view of the Stipulation and the legal grounds provided herein, and finding that good cause exists for the issuance of a Protective Order:

**IT IS HEREBY ORDERED**:

    1.    In this action, at least one of the parties has sought and/or seeking Confidential Information (as defined in paragraph 4 below). The parties also anticipate seeking

additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. Thus, the parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory interests privacy interests of the parties. Included in these CONFIDENTIAL records are the parties and/or their representatives' personnel files, internal affairs investigation files, witness statements, and other documents related to Plaintiff's claims in this action. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL" information) shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (©) the parties, including the plaintiff's mother and designated representatives for the entity defendants;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses, and

   (h) other persons by written agreement of the parties

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating

that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms

of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this____day of_____ 2007.

                                                  BY THE COURT:

                                                  _____
                                                  United States Magistrate Judge Shaffer

DATED at Denver, Colorado, this 23rd day of February, 2007.

                                                BY THE COURT:

                                                *s/Craig B. Shaffer*
                                                Craig B. Shaffer
                                                United States Magistrate Judge