**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  06-cv-02005-REB-CBS

JOSEPH TEAGUE,

    Plaintiff

v.

AURORA POLICE OFFICER DAVID GALLEGOS, in his individual capacity,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendant's Motion for Summary Judgment Pursuant to F.R.Civ.P. 56** [#41], filed August 28, 2007.  I grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

On October 8, 2004, defendant, an officer with the Aurora Police Department's Gang Intervention Unit ("GIU"), was assigned to provide security to Colorado Department of Corrections ("DOC") parole officers as they conducted home visits of various parolees under their supervision.  Specifically, defendant was assigned to assist Community Parole Officer Aaron White in conducting a home visit at the

residence of Cameo Banks, who was under White's supervision. Banks, who was serving his parole under the DOC's Community Corrections Intensive Supervision Program ("ISP"), was subject to numerous conditions of parole. Among these, he was to abide by a 10:30 p.m. curfew.

Prior to the home visit, White conducted a briefing for members of the GIU in which he discussed details of each offender or client to be visited that evening. In particular, White told GIU members that Clifford Johnson, a member of the Tre Tre Crip gang who was wanted on an attempted homicide warrant out of Denver, had stayed at Banks's residence in the recent past. White also revealed that another apartment where Johnson was known to have stayed was found to have contained numerous rounds of ammunition and multiple firearms. Officers were shown a picture and given a general description of Johnson.

At approximately 10:40 p.m., defendant and four other members of the GIU, together with White and five other parole officers, approached the front door of Banks's residence. White and defendant heard two male voices coming from inside the house. Because it was a violation of Banks's curfew to have visitors after 10:30 p.m., White announced that he planned to arrest Banks for that parole violation. Before the officers could knock on the door, it was opened from the inside, and Banks and plaintiff appeared in the doorway. Plaintiff's face was partially obscured by the hood of his blue sweatshirt. White immediately took measures there in the doorway to secure Banks. Plaintiff turned and ran back down the front hallway toward the back of the house.

Based on his knowledge that blue was the color of the Tre Tre Crips and his assessment that plaintiff appeared to match the description of Clifford Johnson he had received earlier that evening, defendant believed that the man he had seen with Banks in the doorway was Clifford Johnson.  Defendant pursued plaintiff down the hallway, ordering plaintiff to "stop" and "freeze."  Plaintiff admits that he heard these commands but did not comply.  Instead, plaintiff continued running toward the back of the house and entered a darkened bedroom at the end of the hall.

Defendant approached the doorway of the bedroom and, drawing his firearm, "quick peeked" around the door frame.  Plaintiff was standing in a corner of the bedroom, turned away so that defendant could not clearly see his hands, although he could tell that plaintiff was doing something with his hands in the area of his waistband.  Defendant ordered plaintiff to show his hands.  As plaintiff turned toward him, defendant observed plaintiff's right hand "cupped," as if holding a handgun.  Defendant then shot plaintiff once in the torso.

By this lawsuit, plaintiff bring claims of excessive force and unlawful seizure under the Fourth Amendment and violation of his right to freedom of association under the First Amendment.  Defendant maintains that he is entitled to qualified immunity with respect to these claims.

Officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert.**

*denied*, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiff must establish both that defendant violated his rights under federal law and that such rights were clearly established at the time of the violation.  ***Greene v. Barrett***, 174 F.3d 1136, 1142 (10th Cir. 1999).  Because plaintiff cannot surmount the first of these hurdles as to any of his constitutional claims, defendant is entitled to summary judgment.  ***See Siegert v. Gilley***, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether a constitutional right asserted by a plaintiff is 'clearly established' . . . is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.").

The standard for evaluating plaintiff's Fourth Amendment excessive force claim is whether defendant's actions were objectively reasonable under the totality of the circumstances confronting him at the time of the events in question.  ***See Ohio v. Robinette***, 519 U.S. 33, 39, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996); ***Jiron v. City of Lakewood***, 392 F.3d 410, 414 (10th Cir. 2004) (citing ***Graham v. Connor***, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989)).  In particular, resort to deadly force, such as was used here, is not excessive when the officer has "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others."  ***Tennessee v. Garner***, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985).

Although plaintiff disputes certain particulars of the incident,[1] there is no genuine

---

[1] For example, plaintiff claims that there is a conflict in the evidence as to whether his face was partially or mostly hidden by the hood of his sweatshirt.  Similarly, he maintains that the bedroom where he was finally apprehended was not completely dark, as defendant claims, but instead that there was

issue of *material* fact to suggest that defendant's use of force in this case appropriately could be considered excessive under the apposite standard.  At the time of the incident, defendant reasonably believed that he was pursuing Clifford Johnson, a dangerous, potentially armed gang member for whom a warrant for attempted homicide remained outstanding.  Plaintiff had failed to comply with defendant's lawful orders to stop.  He entered a darkened bedroom and, when defendant encountered him, was turned in such a way that defendant could perceive only that plaintiff appeared to be fumbling with something near his waistband.  Although defendant maintains that he saw a metallic object in plaintiff's hand, which ultimately turned out to be a cell phone, and plaintiff counters that he never took his cell phone out of his pocket, whether plaintiff actually had anything in his hand ultimately is not relevant.  What is relevant, instead, is that there is nothing to contradict defendant's account that at the fateful moment, plaintiff made what he perceived to be a "quick draw" motion while "cupping" his right hand in the manner of one who was holding a gun.  No reasonable jury could find that defendant's use of deadly force constituted excessive force under those circumstances.

Nor does this incident make out a case for unlawful seizure.  It is clear that Officer White had the right to conduct the home visit at Banks's residence pursuant to the ISP orders.[2]  ***United States v. Freeman***, 479 F.3d 743, 746 (10th Cir. 2007)

---

some light from the hallway and the street.  Even taken in the light most favorable to plaintiff, these details are not material to whether defendant's actions were objectively reasonable.

[2] The fact that Banks's particular ISP Orders have been lost and are not part of the record creates no material fact issue for trial.  White's sworn affidavit testimony that Banks's curfew as set forth in his ISP Orders was 10:30 p.m. is more than sufficient to establish that fact.  Plaintiff's own incredulity, and his singularly unhelpful observation that the standard curfew begins five and a half hours *earlier*, are insufficient to support a contrary conclusion.

("Because parole has the dual purpose of rehabilitating the offender and protecting society, it is constitutionally reasonable for a parole officer to search parolees in compliance with a parole agreement search provision, but without a warrant.") (citing ***Griffin v. Wisconsin***, 483 U.S. 868, 875-76, 107 S.Ct. 3164, 1369-70, 97 L.Ed.2d 709 (1987)).  Having determined that Banks had visitors in the home past his curfew, Officer White had probable cause to arrest him for the violation of the terms of his parole, and, incident to that arrest, defendant had the right to enter the residence to conduct a protective sweep in order to ensure officer safety.[3]  ***See Maryland v. Buie***, 494 U.S. 325, 334, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276 (1990).  That plaintiff turned and fled into the back of the house and that officers had been cautioned that a potentially dangerous and heavily armed gang member might be on the premises gave defendant adequate, articulable facts to extend the search beyond the areas immediately adjoining the place of the arrest.  ***See id***.  Accordingly, defendant is entitled to summary judgment as to this claim as well.

As for his First Amendment claim, plaintiff does not clearly articulate how he feels defendant's actions violated his right to freedom of association.  Plaintiff presents no authority or argument to suggest that his associational rights were impermissibly curtailed in connection with the terms of his own parole.  ***See United States v. Ross***, 476 F.3d 719, 722 (9th Cir.), ***cert. denied***, 127 S.Ct. 2965 (2007); ***United States v.***

---

[3] Plaintiff offers no authority to support his facile argument that the DOC's right to enter the premises pursuant to the ISP Orders did not extend to defendant, perhaps because it is contrary to the law of this circuit.  ***See Freeman***, 479 F.3d at 746 ("[T]his Court has held that '[i]n many cases, the police may ... search a probationer's premises without a warrant at the behest of the parole officer.'") (quoting ***United States v. McCarty***, 82 F.3d 943, 947 (10th Cir.), ***cert. denied***, 117 S.Ct. 257 (1996)).

*Showalter*, 933 F.2d 573, 575 (7th Cir. 1991).  Rather, he maintains that defendant has failed to produce any evidence that plaintiff is on parole or what the conditions of his parole were.  Given plaintiff's deposition testimony acknowledging that he was on parole and that he knew it to be a violation of the conditions of his parole for him to associate with Banks, this argument is incredible.  Summary judgment is appropriate as to this claim.

## IV.  CONCLUSION

Taking the undisputed facts in the light most favorable to plaintiff, he has failed to demonstrate any genuine issue of material fact suggesting that defendant violated his Fourth or First Amendment rights in the manner alleged in the Amended Complaint. Defendant is entitled to qualified immunity. Defendant's motion for summary judgment, therefore, must be granted.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows;

1. That **Defendant's Motion for Summary Judgment Pursuant to F.R.Civ.P. 56** [#41], filed August 28, 2007, is **GRANTED**;

2.  That all plaintiff's claims and causes of action asserted in this lawsuit against defendant are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendant, David Gallegos, in his individual capacity, and against plaintiff, Joseph Teague;

4. That the Trial Preparation Conference currently scheduled for Friday, December 21, 2007, at 10:00 a.m., as well as the trial currently scheduled to

commence on Monday, January 7, 2008, are **VACATED**;

5. That any other motions currently pending in this matter are **DENIED AS MOOT**; and

6. That defendant is **AWARDED** his costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 30, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**